Filed 10/26/22  P. v. McDermott CA2/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROHAN MCDERMOTT,<br><br>    Defendant and Appellant. | B302013<br><br>(Los Angeles County<br>Super. Ct. No. SA052445) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Reversed with direction.

Robert D. Bacon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

A jury convicted Rohan McDermott of first degree murder with a true finding on a special circumstance. Years after he was convicted, McDermott petitioned the trial court in 2019 for vacation of his conviction and for resentencing under then recently-enacted Penal Code[1] section 1172.6.[2] The trial court summarily denied relief, and we affirmed that order on appeal. (*People v. McDermott* (Jan. 29, 2021, B302013 [nonpub. opn.].) Our California Supreme Court granted review and has now transferred the matter back to us with the direction to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Doing so, we conclude that the trial court's order must be reversed and the matter remanded for further proceedings.

## BACKGROUND

I.    The murder and McDermott's conviction

In 2004, McDermott and Alcliff Daley planned to steal marijuana from Troy Lewis and Dwane Godoy. After luring the men into Daley's apartment, Daley pointed a gun at Godoy and Lewis, and McDermott taped their hands behind their backs. Daley threatened to kill them and leave their bodies to rot in a closet. When Daley noticed that Godoy had managed to free his hands, he put the gun to Godoy's head and again threatened to kill him. McDermott retaped Godoy's hands and also taped his

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

feet. When McDermott and Daley exited the apartment, Godoy managed to free himself. But, when he tried to flee, McDermott was at the apartment's front door. McDermott told Godoy, " 'You're not going nowhere.' " The two men struggled, and Godoy got away. McDermott chased him, but he hid underneath a car in a neighboring yard. Lewis did not escape. His body was discovered in the apartment; he had been shot in the forehead, and his hands were bound behind his back with tape.

A jury found McDermott guilty of first degree murder with true findings on special circumstance allegations that the murder was committed during an attempted kidnapping for ransom and an attempted robbery. (§ 190.2, subd. (a)(17)(A) & (B).) It also found true an allegation that a principal was armed during the offense. (§ 12022, subd. (a)(1).) The trial court sentenced McDermott to life in prison without the possibility of parole, plus one year. This division affirmed the judgment of conviction. (*People v. McDermott* (June 27, 2007, B193585) [nonpub. opn.].)

## II. Section 1172.6 petition

In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), McDermott filed a petition for vacation of his murder conviction and resentencing which included a request for appointment of counsel. On the preprinted form, McDermott checked all appropriate boxes showing eligibility for relief. However, the trial court summarily denied the petition, finding that McDermott was ineligible for relief as a matter of law because the jury's true findings on the special circumstance allegations established that he intended to kill, or was a major participant in the murder and acted with reckless indifference to human life. McDermott was not present at any hearing on the petition and was not represented by counsel.

3

McDermott appealed the order denying his petition. We affirmed the order, rejecting McDermott's argument that the trial court erred by summarily dismissing his petition based on the jury's special circumstance finding, without appointing counsel for him. (*People v. McDermott*, *supra*, B302013.)

Thereafter, our California Supreme Court issued *Strong*, *supra*, 13 Cal.5th 698 and *Lewis*, *supra*, 11 Cal.5th 952, both of which clarified the scope of section 1172.6. And, as we now explain and as the People concede, those cases require reversal of the order denying McDermott's petition.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, to ensure that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, at p. 842.)

Senate Bill 1437 also added section 1172.6, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief

under section 1172.6 if the defendant meets three conditions: (1) the defendant must have been charged with murder under a theory of felony murder, (2) must have been convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)).

In his prior appeal from the order denying his petition, McDermott argued that he was entitled to reversal of the order because, first, the trial court summarily denied the petition without appointing counsel for him; second, the trial court erred by examining the record of conviction; and, third, the jury's special circumstance findings predated *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both of which "substantially clarified the law" regarding what it means to be a major participant who acts with reckless indifference to human life for the purpose of the special circumstance statute. (*Strong, supra,* 13 Cal.5th at pp. 706, 721.)

As to McDermott's first and second contentions, *Lewis, supra,* 11 Cal.5th at page 957, held that "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the

5

petitioner makes a prima facie showing that he or she is entitled to relief.' " It is undisputed here that McDermott filed a facially sufficient petition. Therefore, he was entitled to appointment of counsel.

As to McDermott's third contention, *Strong*, *supra*, 13 Cal.5th at pages 719 to 720, held that a pre-*Banks* and *Clark* finding that the defendant was a major participant who acted with reckless indifference does not preclude the defendant from making a prima facie case for relief under section 1172.6, even if the trial evidence was sufficient to support the findings under *Banks* and *Clark*. Applying that holding here, McDermott was tried on a felony-murder theory. The jury found true two special circumstance allegations: that the murder was committed during an attempted kidnapping for ransom and an attempted robbery. (§ 190.2, subd. (a)(17)(A) & (B).) Regarding the special circumstances, the jury was instructed that if it concluded a defendant was guilty of first degree murder but was not the actual killer, the People had to prove either that the defendant intended to kill, or that he was a major participant in the crime and acted with reckless indifference to human life. Because that special circumstance finding predated *Banks* and *Clark*, the finding does not preclude McDermott's eligibility for possible resentencing. Therefore, McDermott is entitled not only to appointment of counsel but also to an evidentiary hearing under section 1172.6, subdivision (d)(3).

## DISPOSITION

The order denying McDermott's petition is reversed and the matter is remanded with the direction to the trial court to appoint counsel for McDermott, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

EGERTON, J.

RICHARDSON, J.*

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7